MOOG INDUSTRIES, INC., *v.* FEDERAL TRADE
COMMISSION.

No. 77.   Argued January 14, 1958.—Decided January 27, 1958.*

*Malcolm I. Frank* argued the cause for petitioner in
No. 77.   With him on the brief were *Bernard Mellitz* and
*James W. Cassedy.*

*Earl W. Kintner* argued the causes for the Federal
Trade Commission.   With him on the briefs were *Solic-
itor General Rankin, Assistant Attorney General Hansen,
Charles H. Weston* and *James E. Corkey.*

*Charles R. Sprowl* argued the cause and filed a brief
for respondent in No. 110.

PER CURIAM.

The general question presented by these two cases is
whether it is within the scope of the reviewing authority
of a Court of Appeals to postpone the operation of a valid

---

*Together with No. 110, *Federal Trade Commission* v. *C. E. Nie-
hoff & Co.,* on certiorari to the United States Court of Appeals for
the Seventh Circuit.

cease and desist order of the Federal Trade Commission against a single firm until similar orders have been entered against that firm's competitors. In proceedings arising out of alleged violations of the price discrimination provisions of the Clayton Act, § 2, 38 Stat. 730, as amended by the Robinson-Patman Act, 49 Stat. 1526, 15 U. S. C. § 13, two Courts of Appeals reached opposed results on this underlying issue. In order to resolve the conflict we granted certiorari, 353 U. S. 908, 982.

In No. 77, petitioner (Moog Industries, Inc.) was found by the Commission to have violated the Act and was ordered to cease and desist from further violation. 51 F. T. C. 931. Petitioner sought review in the United States Court of Appeals for the Eighth Circuit. Upon affirmance of the order, 238 F. 2d 43, petitioner moved the court to hold the entry of judgment in abeyance on the ground that petitioner would suffer serious financial loss if prohibited from engaging in pricing practices open to its competitors. The court denied the requested relief.

In No. 110, respondent (C. E. Niehoff & Co.) requested the Commission to hold in abeyance the cease and desist order that had been recommended by the hearing examiner, on the ground that respondent would have to go out of business if compelled to sell at a uniform price while its competitors were not under similar restraint. The Commission found that respondent had violated the Act and, in issuing its order, denied respondent's request. 51 F. T. C. 1114, 1153. On review in the United States Court of Appeals for the Seventh Circuit, the Commission's determination of statutory violation was affirmed; however, the court (one judge dissenting) directed that the cease and desist order should take effect "at such time in the future as the United States Court of Appeals for the Seventh Circuit may direct, *sua sponte* or upon motion of the Federal Trade Commission." 241 F. 2d 37, 43.

In view of the scope of administrative discretion that Congress has given the Federal Trade Commission, it is ordinarily not for courts to modify ancillary features of a valid Commission order.  This is but recognition of the fact that in the shaping of its remedies within the framework of regulatory legislation, an agency is called upon to exercise its specialized, experienced judgment.  Thus, the decision as to whether or not an order against one firm to cease and desist from engaging in illegal price discrimination should go into effect before others are similarly prohibited depends on a variety of factors peculiarly within the expert understanding of the Commission. Only the Commission, for example, is competent to make an initial determination as to whether and to what extent there is a relevant "industry" within which the particular respondent competes and whether or not the nature of that competition is such as to indicate identical treatment of the entire industry by an enforcement agency.  Moreover, although an allegedly illegal practice may appear to be operative throughout an industry, whether such appearances reflect fact and whether all firms in the industry should be dealt with in a single proceeding or should receive individualized treatment are questions that call for discretionary determination by the administrative agency.  It is clearly within the special competence of the Commission to appraise the adverse effect on competition that might result from postponing a particular order prohibiting continued violations of the law.  Furthermore, the Commission alone is empowered to develop that enforcement policy best calculated to achieve the ends contemplated by Congress and to allocate its available funds and personnel in such a way as to execute its policy efficiently and economically.

The question, then, of whether orders such as those before us should be held in abeyance until the respondents' competitors are proceeded against is for the Com-

mission to decide. If the question has not been raised before the Commission, as was the situation in No. 77, a reviewing court should not in any event entertain it. If the Commission has decided the question, its discretionary determination should not be overturned in the absence of a patent abuse of discretion. Accordingly, the judgment in No. 77 is affirmed, and the judgment in No. 110 is vacated and the cause remanded to the Court of Appeals with directions to affirm the order of the Commission in its entirety.

*It is so ordered.*

MR. JUSTICE WHITTAKER took no part in the consideration or decision of these cases.