**AUDIVOX, INC., et al., Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

No. 5589.

United States Court of Appeals
First Circuit.

March 14, 1960.

A. Benjamin Cohen, Boston, Mass., for petitioners.

E. K. Elkins, Attorney, Federal Trade Commission, Washington, D. C., with whom Daniel J. McCauley, Jr., General Counsel, and Alan B. Hobbes, Asst. General Counsel, Washington, D. C., were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

4. See footnote 1, supra.

ALDRICH, Circuit Judge.

This petition to review and set aside an order of the Federal Trade Commission, 15 U.S.C.A. § 45(c), as amended, 72 Stat. 942 (1958), presents a very narrow issue. Petitioners manufacture and sell hearing aids in which the pick-up apparatus, the amplifier, and the speaker, are all contained in the "temple" of the wearer's eye-glasses, so that the only external parts are a plastic tube, through which the amplified sound is transmitted, running to an ear mold or plastic tip fitted into the ear. In "conventional" hearing aids the pick-up apparatus and amplifier are located in one unit, and are connected by an electrical wire, or cord, to a "button," a miniature speaker mounted upon a mold inserted into the ear. In addition to whatever other advantages, if any, petitioners' device may have over conventional ones, it is less conspicuous. Psychologically, an important consideration in the minds of prospective wearers of hearing aids is the matter of appearance. In order to reduce these psychological objections petitioners, in common with competitors who manufacture essentially similar devices, have advertised that their devices have no buttons, wires or cords. Respondent for some years has taken the position that this, standing alone, constitutes false advertising within the meaning of 15 U.S. C.A. § 55(a) (1). In petitioners' case, after hearing, it entered an order forbidding them to advertise that,

"(a) There are no buttons, wires, or cords attached to their hearing aids, unless in close connection therewith and with equal prominence it is stated that a plastic tube runs from the device and *is attached to an ear mold or nipple fitted in the ear.*"

Petitioners' sole objection is that because of the portion we have italicized this order does not correspond with allegedly less onerous orders issued against their competitors who make essentially the same article. Accordingly, they claim discrimination.

Respondent states that the "disparity is more fancied than real," but that, in any event, if the order against petitioners is reasonable, it is not open to them to assert discrimination, citing Consolidated Royal Chemical Corp. v. Federal Trade Commission, 7 Cir., 1951, 191 F. 2d 896, and Moog Industries, Inc. v. Federal Trade Commission, 1958, 355 U.S. 411, 78 S.Ct. 377, 2 L.Ed.2d 370.

There are a number of similar "temple" hearing aid cases, but for some undisclosed reason, no two orders are worded exactly alike. In some the order is in two paragraphs, instead of one. The most recent case is that of Beltone Hearing Aid Co., No. 7359, 56 F.T.C.D. , decided Oct. 15, 1959, a month after the case at bar. There the order prohibited advertising:

"(a) That no buttons are attached to said hearing aids unless in close connection therewith and with equal prominence it is disclosed that an ear mold or plastic tip is inserted into the ear.

"(b) That no wires or cords are attached to said hearing aids unless in close connection therewith and with equal prominence it is disclosed that a plastic tube runs from the device to the ear."

Petitioners' order, because it is all in one sentence, is open to the construction that even if petitioners advertised that they had no wires or cords, and said nothing about the absence of buttons, they would still have to state that there was a mold in the ear. We can see "no reasonable relation," Jacob Siegel Co. v. Federal Trade Commission, 1946, 327 U.S. 608, 613, 66 S.Ct. 758, 760, 90 L.Ed. 888, between advertising the absence of wires and cords and the failure to disclose the presence of an ear mold. It may be that this construction is not what respondent intended. But we do not believe that petitioners must run the risk of a contempt proceeding in order to find out, or to establish the reasonable interpretation of this paragraph of their order. We accordingly modify the order by dividing

it up, to correspond with the order entered in Beltone.

This leaves petitioners, Beltone, and two other cases with orders at least as onerous, and a single party, the earliest proceeded against,* in a somewhat less onerous position. We do not feel this an appropriate case, in this posture, to consider a claim of discrimination.

Decree will enter modifying paragraph (a) of petitioners' order so as to correspond with paragraphs (a) and (b) of the order in Beltone Hearing Aid Co., No. 7359, October 15, 1959, 56 F.T.C.D. , and as so modified, an order will issue commanding obedience.

* Otarion, Inc., 54 F.T.C.D. 382 (1957).