CLINTON WATCH COMPANY, a corporation, and Irving L. Wein, Bernard J. Cogan and Max Magnus, individually and as officers of said corporation, Petitioners,

v.

FEDERAL TRADE COMMISSION, Respondent.

No. 13145.

United States Court of Appeals Seventh Circuit.

June 19, 1961.

Rehearing Denied July 18, 1961.

---

839

Paul G. Annes, Frank E. & Arthur Gettleman, Franklin M. Lazarus, Chicago, Ill., for petitioners.

Alan B. Hobbes, Asst. Gen. Counsel, James McI. Henderson, Atty., Federal Trade Commission, PGad B. Morehouse, Acting Gen. Counsel, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and GRUBB, District Judge.

GRUBB, District Judge.

Pursuant to Section 5(c) of the Federal Trade Commission Act, Title 15 U.S.C.A. § 45(c), petitioners seek review of a cease and desist order issued by the Federal Trade Commission.

In a complaint issued by the Commission, petitioners, Clinton Watch Company, a corporation, Irving L. Wein, Bernard J. Cogan, and Max Magnus, individually and as officers of said corporation, were charged with preticketing their merchandise at fictitious, excessive prices and with making false and deceptive representations as to the guarantee thereof. The hearing examiner dismissed the complaint as to Cogan and Magnus in their individual capacities only. He found that the charges were sustained by the evidence. Accordingly he entered a proposed order that petitioners cease and desist from falsely representing the retail price and the nature of the guarantee of their merchandise. The Commission adopted the initial decision and order in a final order issued July 19, 1960.

Petitioners seek relief on the ground that enforcement of the order to cease and desist from acts and practices which are prevalent throughout a substantial portion of the industry allegedly does not preserve or foster the competitive system. Petitioners claim that these acts and practices increase competition and lower prices and that they were, therefore, not to the injury of the public. Alternatively, they request that the order be held in abeyance until Commission proceedings against their competitors involving similar charges have been concluded to avoid serious financial loss and injury to petitioners' competitive status in the industry.

Further, it is objected that the provisions of the guarantee of petitioners' merchandise were not violated by the practice of imposing a service charge for reimbursement of out-of-pocket expenses. Petitioners have abandoned the guarantee practices objected to by the Commission and claim that an order to cease and desist is not proper in respect thereto. Lastly, it is requested that the complaint herein be dismissed against Cogan and Magnus as corporate officers because their activities and authority as said officers did not extend to the acts and practices in question.

■ The facts concerning petitioners' acts and practices which the Commission found in violation of the Act are undisputed. Petitioners are engaged in the manufacture of watches which are sold in interstate commerce to wholesale, mail order houses, to discount houses, and to retailers. A price tag is attached to each watch at the factory, reflecting a price substantially in excess of the normal and usual retail price. Ultimate purchasers of petitioners' products testified that they bought the watches at substantially lower prices than those indicated on the attached tickets. Preticketing at fictitious and excessive prices must be deemed to have the tendency of deceiving the public as to the savings afforded by the purchase of a product thus tagged as well as to the value of the product acquired. Petitioners' practice places a means of misleading the public into the hands of those who ultimately deal with the consumer. Notwithstanding the prevalence of these practices and the familiarity therewith among members of the trade, these activities are proscribed to protect the interest of the public. Federal Trade Commission v. Winsted Hosiery Co., 1922, 258 U.S. 483, 494, 42 S.Ct. 384, 66 L.Ed. 729.

Misrepresentation as to the retail value of merchandise by means of an attached, fictitious price and deception as to savings afforded by the purchase of the product at a substantially lower price than that indicated thereon constitute unfair methods of competition. Niresk Industries, Inc. v. Federal Trade Commission, 7 Cir., 1960, 278 F.2d 337, 340, certiorari denied 364 U.S. 883, 81 S.Ct. 173, 5 L.Ed. 2d 104; Harsam Distributors, Inc. v. Federal Trade Commission, 2 Cir., 1959, 263 F.2d 396, 397.

■ In advertising their watches for sale to their customers and to the public, petitioners represented that all movement parts thereof were guaranteed for life. Petitioners, however, required payment of a service charge for repairs and adjustments which was not disclosed in their advertising. The slips accompanying the watches stated on their face that the guarantee was "all-inclusive" but revealed on the reverse side that there was a service charge. There was testimony that purchasers of petitioners' watches for their own use observed the guarantee but did not understand that there was to be a service charge for repairs. Advertising of a so-called "lifetime guarantee" without clear disclosure that a charge is made in conjunction therewith is an unfair and deceptive trade practice. Parker Pen Co. v. Federal Trade Commission, 7 Cir., 1946, 159 F.2d 509, 512.

■ Petitioners contend that present enforcement of the cease and desist order will tend to create a monopoly in the trade. This conclusion is based on the following reasoning: Petitioners must stop their deceptive advertising and tick-

eting practices while their larger and allegedly more culpable competitors against whom Commission proceedings are presently pending may persist in these practices. Petitioners would thereby be placed in a disadvantageous competitive position, would sustain heavy financial loss, and would possibly be eliminated from competition by termination of their enterprise.

Petitioners' theory is not without flaws. They are prematurely assuming that pending proceedings against competitors will culminate in findings of violations of the Act and in the issuance of orders to cease and desist. Further, petitioners are asking this court to assume that they will be prejudiced by discontinuance of the deceptive practices. There is no evidentiary basis from which it must be inferred that petitioners will be forced out of business if they are restricted to honest practices while their competitors are free to employ questioned methods pending termination of Commission proceedings against them. The circumstances of this case do not warrant resort to the court's equitable powers or interference with the Commission's exercise of its wide discretion in the choice of remedy deemed adequate to cope with deceptive trade practices. Petitioners have failed to show that there has been a patent abuse of discretion by the Commission. Moog Industries, Inc. v. Federal Trade Commission, 1958, 355 U.S. 411, 78 S.Ct. 377, 2 L.Ed.2d 370.

■ Voluntary discontinuance of an unfair trade practice does not necessarily preclude issuance of a cease and desist order. The order to desist from an abandoned unlawful practice is in the nature of a safeguard for the future. Other than the mere discontinuance at an undisclosed time of their practice relating to the guarantee of their merchandise, petitioners have shown no facts before the Commission which would require that this portion of the order be set aside. Cf. Eugene Dietzgen Co. v. Federal Trade Commission, 7 Cir., 1944, 142 F.2d 321, 330, certiorari denied 323 U.S. 730, 65 S.Ct. 66, 89 L.Ed. 586; Galter v. Federal Trade Commission, 7 Cir., 1951, 186 F.2d 810, 813, certiorari denied 342 U.S. 818, 72 S.Ct. 34, 96 L.Ed. 619; Marlene's, Inc. v. Federal Trade Commission, 7 Cir., 1954, 216 F.2d 556, 559.

■ The Commission has authority to bind Cogan and Magnus in their capacities as corporate officials through whom Clinton Watch Company must operate in the transaction of its practices. This court will not substitute its wisdom for that of the Commission in respect to the practice of naming these officers specifically rather than referring to them by their corporate titles. Mandel Brothers, Inc. v. Federal Trade Commission, 7 Cir., 1958, 254 F.2d 18, 22–23, reversed on other grounds 1959, 359 U.S. 385, 79 S.Ct. 818, 3 L.Ed.2d 893.

Substantial evidence supports the findings of the Commission. Its conclusions are sound. The petition to review and set aside the order is denied, and the order is hereby affirmed. An enforcement decree will be entered accordingly.