**DOUBLE EAGLE LUBRICANTS, IN-CORPORATED, a corporation, and Frank A. Kerran and Cameron L. Kerran, individually and as officers of said corporation, Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 7958.**

United States Court of Appeals Tenth Circuit.

Nov. 15, 1965.

Rehearing Denied Jan. 28, 1966.

---

11. Apparently Oronogo had from between 100–150 employees until activity was curtailed in 1947–1948.

🗝⇁800

John B. Ogden, Oklahoma City, Okl., for petitioners.

E. K. Elkins, Washington, D. C. (James McI. Henderson, General Counsel, J. B. Truly, Asst. General Counsel, on the brief), for respondent.

Before PHILLIPS, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This case is an aftermath of Kerran v. Federal Trade Commission, 10 Cir., 265 F.2d 246, certiorari denied, Double Eagle Refining Co. v. Federal Trade Commission, 361 U.S. 818, 80 S.Ct. 61, 4 L.Ed.2d 64, where we upheld an order of the Federal Trade Commission requiring petitioners (Double Eagle) [1] to cease and desist from marketing motor oil re-refined from previously used oil without indicating by a clear and conspicuous disclosure on the containers that the contents were made from previously used oil. A second complaint against Double Eagle charged that it had not complied with that order because it had failed to make the necessary clear and conspicuous disclosure. The Commission sustained the charge and entered an appropriate order which the pending petition for review attacks.

The product is marketed in one-quart cans of the type ordinarily used in the oil trade. On the front panel [2] appears the trade or brand names and on the side panel is the required statement disclosing the source of the oil. The cans are intended for display with the front panel, on which the brand name is imprinted, facing the prospective customer to attract his attention.

After the cease and desist order became final in the first proceeding, Double Eagle presented its proposed labeling to the Compliance Division of the Commis-

---

1. The petitioners' business was then operated as a partnership. Subsequently the individual petitioners incorporated part of their activities under the name of Double Eagle Lubricants, Incorporated.

2. In its opinion the Commission said: "By the front panel, for the purposes of this proceeding, is meant that portion or portions of the can featuring the trade or brand names used by respondents, designed to present a more attractive appearance than other parts of the can for display purposes."

sion and secured approval. Later the Commission determined that for there to be a clear and conspicuous disclosure the required statement must appear on the front panel of the can. Double Eagle refused to comply and a complaint was filed. An examiner, after hearing, held that the side disclosure was sufficient. The Commission disagreed and on the basis of its independent examination of the cans ordered that the disclosure appear on the front panel.

■ The Federal Trade Commission Act declares unfair methods of competition and unfair or deceptive practices in commerce to be unlawful and empowers and directs the Commission to prevent the use thereof.[3] Commission findings made upon permissible inferences from admitted facts are supported by substantial evidence and are binding on the courts.[4]

■■ The approval by the Compliance Division of the cans with the disclosure on the side panel does not estop the Commission from taking contrary action. The Commission is charged with the protection of the public interest. No principle of equitable estoppel bars it from the performance of that duty because of mistaken action by its subordinates.[5]

The various types of cans used by Double Eagle to market its re-refined oil were received in evidence as exhibits. The display of the cans with the front panel showing and the side panel out of sight is not disputed. The narrow issue is whether the side-panel disclosure is sufficient. The Commission found that in the absence of front-panel disclosure Double Eagle's "labeling has the capacity to deceive."[6]

At the hearing before the examiner Double Eagle produced an array of so-called public witnesses who testified in effect that the labeling did not deceive them. No effort was made to counter this testimony. Double Eagle says that in the situation presented the finding of the Commission is both without record support and also is contrary to the evidence.

■ Evidence of deception is not necessary "where the exhibits themselves sufficiently demonstrate their capacity to deceive."[7] No sampling of public opinion is required because the Commission has the right to look at relevant evidence in the record and decide for itself whether the practices in dispute were unfair or deceptive.[8] Here we have the reverse situation where evidence of non-deception is received. We believe the same principle applies. If the Commission can find deception without evidence that the public was deceived, we believe that it can make the same finding on the basis of its visual examination of exhibits even though numerous members of the public have testified that they were not deceived.

■ The question is whether the inference of deception is reasonable. The Commission pointed out that the display of the cans with the front panel showing results in the consuming public not receiving the benefit of the explanatory legend and that the disclosure on the side panel "is not sufficiently conspicuous to

3. Sections 5(a) (1) and (6). 15 U.S.C. § 45(a) (1) and (6).

4. Federal Trade Commission v. Pacific States Paper Trade Assoc., 273 U.S. 52, 63, 47 S.Ct. 255, 71 L.Ed. 534. See § 5(c) of the Act, 15 U.S.C. § 45(c).

5. P. Lorillard Co. v. Federal Trade Commission, 4 Cir., 186 F.2d 52, 55. Cf. United States v. City and County of San Francisco, 310 U.S. 16, 32, 60 S.Ct. 749, 84 L Ed. 1050, and Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 145, 60 S.Ct. 437, 84 L.Ed. 656.

6. See Charles of the Ritz Dist. Corp. v. Federal Trade Commission, 2 Cir., 143 F.2d 676, 680. The Commission has made the requirement of disclosure by front labeling applicable to all distributors and sellers of reclaimed or reprocessed oil. See 16 C.F.R. 406.1, 406.3, 406.5(b) (2); effective date postponed to September 1, 1965, 30 Fed.Reg. 32.

7. Royal Oil Corp. v. Federal Trade Commission, 4 Cir., 262 F.2d 741, 745.

8. Zenith Radio Corp. v. Federal Trade Commission, 7 Cir., 143 F.2d 29, 31.

give the public adequate notice of the nature of respondents' lubricating oil." From our examination of the cans and consideration of the method of display we are of the opinion that the inference of deception is reasonable. The Commission in the exercise of its expertise has decided that, in the case presented, the protection of the public requires disclosure on the front panel. Such decision is within its discretion and not subject to judicial revision.[9]

The petition for review is denied.

---

9. See Heavenly Creations, Inc. v. Federal Trade Commission, 2 Cir., 339 F.2d 7, 9, certiorari denied 380 U.S. 955, 85 S.Ct. 1089, 13 L.Ed.2d 972.