**R. H. MACY & COMPANY, Inc., Plaintiff,**

v.

**Wilmer L. TINLEY et al., Defendants.**

**Civ. A. No. 2707–65.**

United States District Court

District of Columbia.

Dec. 17, 1965.

As Amended Feb. 17, 1966.

William Simon, J. Wallace Adair, Howrey, Simon, Baker & Murchison, Washington, D. C., for plaintiff.

David G. Bress, U. S. Atty. for District of Columbia, Joseph M. Hannon, Gil Zimmerman, Asst. U. S. Attys. for District of Columbia, for defendants.

CORCORAN, District Judge.

## I.

Having grounds to believe that woolen sweaters manufactured in Italy and imported into the United States were mislabeled as to their mohair content, the Federal Trade Commission (herein the Commission) commenced an investigation to determine whether or not such sweaters were being imported in violation of the Wool Products Labeling Act (15 U.S.C. §§ 68–68j).

The Commission conducted an industry-wide investigation which led to cease and desist orders being entered by consent against numerous importers. The Commission offered the plaintiff R. H. Macy & Company, Inc. (herein Macy) a consent order similar to that accepted by other importers but Macy rejected the proffer. Further negotiations with Macy failing, the Commission filed a formal complaint against Macy alleging importation of sweaters mislabeled as to mohair content in violation of the Wool Products Labeling Act.

In answer to the Commission's complaint Macy asserted a defense charging that the Commission was acting arbitrarily in that it had issued a complaint against Macy while excluding from the complaint major competitors of Macy which import mohair-blend sweaters from the same Italian manufacturer which supplies Macy, and by failing to apply the same criteria to all industry members involved. (See Moog Industries, Inc. v. Federal Trade Commission, 355 U.S. 411, 78 S.Ct. 377, 2 L.Ed.2d 370 (1958)).

Seeking evidence to substantiate its charge Macy requested the issuance of *Subpoenas Ad Testificandum* to compel three Commission employees and two employees of the Customs Bureau to appear and testify. The three Commission employees whose testimony was sought were those who had acted administratively for the Commission in negotiations with Macy and with its competitors concerning the importation of the allegedly mislabeled sweaters.

Subsequently Macy filed a request for the issuance of a *Subpoena Duces Tecum* to compel the Commission's Secretary to appear and produce

1. "All memoranda or other documents transmitted to the Commission by the staff of its Bureau of Textiles and Furs relating to any investigation of any company importing mohair-

blend sweaters from Italy for sale in the United States where said staff recommended closing of the file after developing evidence indicating that the company under investigation had mislabeled said mohair-blend sweaters.

2. "All investigative records, including attachments, submitted by Albert Posnick, Charles T. Rose and/or Robert Scott relating to mohair-blend sweaters imported from Italy in connection with their investigation in the Matter of R. H. Macy & Co., Inc., Docket No. 8650."

The Hearing Examiner certified these requests to the Commission. By order issued September 30, 1965 the Commission instructed the Hearing Examiner not to issue the *subpoenas ad testificandum* directed to the three Commission employees and not to issue the *subpoena duces tecum* directed to the Secretary. The Commission opinion * underlying the order stated in part:

"Respondent's claim of alleged difference of treatment does not create or even suggest any inference or even a suspicion that the Commission's action was in any way the result of discrimination or bias, conscious or unconscious, intentional or unintentional. The mere assertion of such a plea, without more, cannot enable a respondent to interrogate Commission employees or to rummage through investigative reports and staff memoranda in the hope that something will turn up to support the claim   *   *   *

"Finally, it should be pointed out that the files in question, to the extent they exist, will ordinarily contain a variety of documents, all relating to the internal operations of the Commission, such as letters of complaint, reports on investigations,

staff memoranda with advice and recommendations to the Commission, Commission directives and other like working documents. Not only will some of these records contain strictly privileged information such as trade secrets, they will primarily be the 'work product' of the Commission's staff. Documents of this kind, i. e., those in the work product category, are the essence of the internal administrative process, and they are ordinarily privileged against disclosure in an adjudicative proceeding." Opinion, page 5.

Upon receipt of the Commission order and opinion Macy instituted this action for a declaratory judgment that the refusal by the Commission to honor requests for the subpoenas was in violation of the Administrative Procedure Act and of the Fifth Amendment of the Constitution. The Commission has moved this Court to dismiss the action on grounds of lack of jurisdiction over the subject matter.

## II.

Congress routed review of Commission action directly to the Court of Appeals (15 U.S.C. § 45(c)) and the jurisdiction of that Court is exclusive (15 U.S.C. § 45(d)). These sections provide for review only of final cease and desist orders—they do not provide for review of interlocutory orders. The Administrative Procedure Act provides that preliminary, procedural, or intermediate agency action or ruling, not directly reviewable, shall be subject to review upon the appeal from the final agency action (5 U.S.C. § 1009(c)). Under 15 U.S.C. § 45(c) either party, in its appeal or petition for review, may (a) apply to the court to adduce additional evidence upon a showing that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the proceeding before the Commission or (b) demon-

---

* In addition to the controlling opinion there were also filed (1) a dissenting opinion by Commissioner Elman, (2) a concur- ring opinion by Commissioner MacIntyre, and (3) a separate statement by Commissioner Reilly.

strate that material evidence has been wrongfully excluded by the examiner, in which event the Court of Appeals may remand the case to the agency for the inclusion of such material evidence into the hearing. See Texaco, Inc. v. Federal Power Commission, 117 U.S.App. D.C. 268, 329 F.2d 223 (1963), and Texaco, Inc. v. Federal Trade Commission, 301 F.2d 662 (C.A.5th, 1962).

■■ Thus, review of rulings of the Commission entered in its administrative proceeding are subject to judicial review at the time the Court of Appeals reviews the final cease and desist order, and accordingly, as a general rule, no jurisdiction is conferred upon the District Court to review or pass upon Commission rulings. See Miles Laboratories v. Federal Trade Commission (1944) 78 U.S.App.D.C. 326, 140 F.2d 683, at pp. 684–685:

> "Whether, having issued a complaint and held a hearing, its decision on the facts or on the law is correct is a question which cannot be challenged in a District Court, either before or after the event, for in such case an appeal to an appropriate court of appeals is made the exclusive remedy."

■ However, it is also recognized that statutory provisions covering review by Courts of Appeals do not in and of themselves preclude District Court jurisdiction in appropriate circumstances. Leedom v. Kyne, 358 U.S. 184, 79 S. Ct. 180, 3 L.Ed.2d 210 (1958). Agency action which exceeds express statutory authority gives rise to an enforceable right and in such a case a District Court has jurisdiction to entertain the aggrieved party's complaint. Elmo Division of Drive-X Company v. Dixon, 348 F.2d 342 (D.C.Cir.1965). This jurisdiction does not derive from statute—it is predicated upon the general equity jurisdiction of the court. This equity jurisdiction is not precluded by the fact that petitioner can get review of the alleged violation of its rights upon ultimate ap-

pellate review of the agency final order. Its exercise is proper if it appears that the appellate court action at the time of review will not afford appellant a meaningful remedy (see Elmo Division of Drive-X Company v. Dixon, supra), and if it appears that the agency stepped so plainly beyond the bounds of its authority, or acted so clearly in defiance of it, as to warrant the immediate intervention of an equity court even before the agency's processes have run their course. Local 130, International Union of Electrical, Radio and Machine Workers, AFL-CIO v. McCulloch, 345 F.2d 90 (C.A.D.C. 1965).

■ Amos Treat & Co. v. Securities and Exchange Commission, 113 U.S.App. D.C. 100, 306 F.2d 260 (1962) recognizes the rule that when agency action will be tantamount to a denial of administrative due process, the District Court has jurisdiction to entertain the action, and that this jurisdiction is founded in equity, and not on statute. This case requires the plaintiff to make a showing of irreparable harm due to the agency action and to establish that any final determination flowing from the proceeding would necessarily be invalid because of such action. Such circumstances, our Court of Appeals has subsequently held, can only obtain in "the exceptional case." (See Securities and Exchange Commission v. R. A. Holman, 116 U.S.App.D.C. 279, 323 F.2d 284 (1963)). In light of *Amos Treat* and *Holman*, "the exceptional case" would seem to exist only when the invalidating element is clear and untraversed.

In *Amos Treat* and *Holman*, the objection raised was to the qualification of a Commissioner to participate in a hearing. In *Amos Treat* the S.E.C. did not deny plaintiff's allegations of the claimed disqualifying factors, but in *Holman* the S.E.C. did assert that there were no disqualifying circumstances. The court there stated:

> "The bare contention of lack of due process does not operate to relieve the appellee from the requirement

that he exhaust administrative remedies." (323 F.2d page 288).

■ Macy charges that the Commission in declining to direct the issuance of the *subpoena duces tecum* violated section 6(c) (5 U.S.C. § 1005(c)) and section 5(c) (5 U.S.C. § 1004(c)) of the Administrative Procedure Act. It is noted that the Commission decision concerning the *subpoena duces tecum* was regular on its face and made under color of authority since in conformity with its own regulations covering the revelation of public and confidential information. (See 16 CFR 1.133 and 1.134). It was thus not plainly beyond the bounds of its authority.

■ Macy further charges that the Commission's rejection of its request for the issuance of *subpoenas ad testificandum* was made pursuant to an unpublished rule similar to 16 CFR 1.133 and 1.134, and that to act pursuant to such "secret" directive is also a violation of section 3 (5 U.S.C. § 1002) of the Administrative Procedure Act, because the directive was not published pursuant to section 3 of the Administrative Procedure Act. It cannot be said this latter action is clearly in defiance of the Act, especially in light of section 5 U.S.C. § 1002(c):

> "Save as otherwise required by statute, matters of official record shall in accordance with published rule be made available to persons properly and directly concerned except information held confidential for good cause found."

■ Whether or not the Commission abused its discretion in refusing the *subpoena duces tecum* under 16 CFR 1.133 and 1.134 or committed procedural error in ruling under a directive not published as required by Section 3 of the Administrative Procedure Act, are questions properly reviewable upon final appellate review under 15 U.S.C. § 45(c). It cannot be said that review of the final order will afford plaintiff no meaningful remedy. Plaintiff will not be prevented from selling the sweaters here in question, as they now are sold, until such time as a cease and desist order is entered and has become final. Plaintiff's only injury is the inconvenience of having to defend itself before the Commission. The plaintiff's remedy through the regular statutory channels of review is adequate and he will suffer no irreparable harm because he must bide that time. Therefore this Court concludes that it has no jurisdiction over the subject matter of this action by reason of the alleged violations of the Administrative Procedure Act.

■ Nor does this Court secure jurisdiction because of the alleged due process violation since plaintiff has not demonstrated that this is an "exceptional case" within the purview of the *Holman* case (supra). Plaintiff is suffering no irreparable harm because of the Commission's action, and even though the denial of the subpoenas is a clear and untraversed fact, it is not such an act which would manifestly cause any final determination flowing from the proceeding to be invalid. The present case is clearly within the rule of the *Texaco* cases (supra) which hold that plaintiff's remedy is to be found within the normal statutory scheme.

The case of Union Bag-Camp Paper Corporation v. Federal Trade Commission, 233 F.Supp. 660 (D.C.S.D.N.Y. 1964) suggests that an opposite result could be reached on facts very similar to those in this case but it is distinguishable. That case arose under the Clayton Act. The holding implied that on review by a Court of Appeals of a cease and desist order issuing in a Clayton Act proceeding the statute (15 U.S.C. § 21(c)) does not provide a remedy for the correction of Commission error in refusing to produce evidentiary material in its possession. Our Court of Appeals has not placed such a restrictive interpretation on 15 U.S.C. § 45(c), see Texaco, Inc. v. Federal Trade Commission (supra) and by court analogy Texaco, Inc. v. Federal Power Commission (supra). The statute has been construed in this Circuit to allow the Court of Ap-

peals to rectify the type of error complained of in the present case.

### III.

Accordingly, since Macy has a meaningful available procedure within the administrative process to seek redress for the error alleged by it and because Macy has not presented the "exceptional case" in which the District Court can take jurisdiction under the due process exception, this case is dismissed for lack of jurisdiction over the subject matter.

