## PACIFIC FAR EAST LINE, INC., Petitioner,

### v.

## The FEDERAL MARITIME COMMISSION, the United States of America, Respondents.

### No. 21880.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 13, 1969.

Decided March 5, 1969.

Mr. Warner W. Gardner, Washington, D. C., with whom Mr. Benjamin W. Bo-

ley, Washington, D. C., was on the brief, for petitioner. Mr. John R. Kramer, Washington, D. C., also entered an appearance for petitioner.

Mr. Irwin A. Seibel, Attorney, Department of Justice, with whom Mr. George Edelstein, Attorney, Department of Justice, was on the brief, for respondent United States of America.

Mr. Kenneth H. Burns, Solicitor, Federal Maritime Commission, with whom Mr. James L. Pimper, General Counsel, and H. B. Mutter, Assistant Solicitor, Federal Maritime Commission, were on the brief, for respondent Federal Maritime Commission.

Before BURGER, McGOWAN and TAMM, Circuit Judges.

McGOWAN, Circuit Judge:

Petitioner, a common carrier by water in the foreign and intercoastal trade, seeks review of a finding by the Federal Maritime Commission that it had violated Sections 16 Second and 18(b) (3) of the Shipping Act of 1916, 46 U.S.C. §§ 815 Second, 817(b) (3) (1964), and Section 2 of the Intercoastal Shipping Act of 1933, 46 U.S.C. § 844 (1964). These provisions are generally addressed to the problem of rebating. The facts found, which are not in dispute here, were that petitioner, in order to hold the shipping business of one of its large shippers, Foremost Dairies, Inc., awarded that company contracts to supply it with fuel oil, which contracts Foremost immediately assigned to oil companies in consideration of a payment by them of 10¢ for every barrel of oil they delivered to petitioner.[1]

Although finding that violations had occurred, the Commission issued no cease and desist commands because petitioner had abandoned the challenged practice, and the Commission saw no probability that it would be resumed. The statute does provide, however, that civil penalties of not more than $1,000 a day may be imposed at the suit of the United States for the period during which the violations were taking place, and the Department of Justice has, subsequent to the initiation of review here, filed a complaint to this end in the Northern District of California.[2]

Petitioner's principal contentions are that the Commission should have acceded to its request that the adjudicatory proceeding against it be dropped and a rule making proceeding be instituted, or, alternatively, that the Commission's findings of violation should have been made fully prospective. These claims are generally bottomed upon petitioner's assertions that the practice now condemned had been widely prevalent in the ocean shipping field—a fact which petitioner says it could have established if the Commission had not cut off its attempts to bring the evidence to its attention. This evidence, says petitioner, would have suggested an industry understanding of the meaning of the statutory prohibitions which, even if mistaken, should have been dispelled in the first instance by clarifying rule or prospective adjudication. Since these alternatives are normally regarded as being in the area of agency discretion,[3] petitioner recognizes that its claim essentially is that the Commission has abused that discretion by proceeding as it has in this case.

We are not persuaded. Although there may be circumstances in which the precise reach of the Congressional ban on

---

1. The Commission found that Foremost, in accepting these payments, had violated Section 16 First of the Shipping Act of 1916, 46 U.S.C. § 815 First (1964). Foremost has not sought review of that decision.

2. Apparently the Department of Justice has concluded that a criminal prosecution which, in its discretion, it might have brought, is not called for under the circumstances of this case.

3. See, e. g., FTC v. Universal-Rundle Corp., 387 U.S. 244, 87 S.Ct. 1622, 18 L.Ed.2d 749 (1967); Moog Industries, Inc. v. FTC, 355 U.S. 411, 78 S.Ct. 377, 2 L.Ed.2d 370 (1958); SEC v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943). See generally, Shapiro, The Choice of Rule-Making or Adjudication in the Development of Administrative Policy, 78 HARV.L.REV. 921 (1965).

rebating may be murky, that is hardly so here. If the practice was widespread, as petitioner alleges, that was presumably due more to a persisting neglect to enforce the law rather than a misapprehension of its meaning.[4] Rule making is hardly obligatory where there is no real difficulty in ascertaining the legislative purpose in relation to the facts at hand, nor must the adjudicating agency declare that what was true yesterday may only be taken to be so as of tomorrow.[5]

The petition for review is

Denied.

---

4. Petitioner also argues that the Commission explicitly ought to have explained why it exercised its discretion to proceed by way of adjudicatory hearing. While it might have been desirable for the Commission to have articulated the reasons why it proceeded as it did, we think that in a case where the facts were so clearly within the purview of the statutes as they are here, its failure to explain this exercise of discretion was not reversible error.

5. Selective law enforcement, if such it be here, is generally unappealing, particularly if it is preceded by a long period of inaction. The considerations of this character which appellant presses upon us would appear to be relevant to the issue of the extent of the civil penalties to be imposed in the pending District Court proceeding. This is indicated by the Government's recognition in oral argument that what petitioner was not permitted to prove before the Commission would presumably be admissible in the District Court as informing the court's discretion on the degree of monetary forfeiture to be exacted for the benefit not, we remark, of aggrieved private competitors but of a government whose executive branch was, if petitioner's assertions be true, seemingly unimpressed with the urgency of its legislative mandate.