**Frank L. SOCKMAN, Plaintiff,**

v.

**The CITY OF ERIE, PENNSYLVANIA, et al., Defendants.**

**Civ. A. No. 86–125 Erie.**

United States District Court, W.D. Pennsylvania.

Aug. 26, 1986.

Elliot J. Segel, Erie, Pa., for plaintiff.

Gene P. Placidi, John R. Wingerter, Erie, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

This is a civil rights action brought by a former policeman against the City of Erie, the Bureau of Police, and various individual City and Police officials. The complaint, which was filed June 5, 1986, alleges violations of the 14th Amendment of the United States Constitution and 42 U.S.C. §§ 1983 and 1988 as well as breach of contract in connection with plaintiff's immediate suspension, without hearing, from his job as a police officer. This adverse action was taken by the City based on plaintiff's activities of January 10, 1984 involving alleged retail theft at Busy Beaver in Erie, Pennsylvania. Plaintiff was notified of this suspension by letter dated January 12, 1984. Plaintiff contends that other policemen, similarly situated, were granted a hearing and were provided with compensation pending the suspension hearing. Plaintiff seeks lost wages and benefits, damages for mental distress, injunctive relief, and punitive damages. Plaintiff does not challenge his termination, rather he indicates that on October 8, 1985 he tendered his resignation which was accepted, to be effective thirty (30) days thereafter.

Defendants have filed a consolidated Motion to Dismiss and/or for Summary Judgment with evidentiary materials and brief in support thereof which raise the following issues:

A. The Complaint fails to state any official policy of the Defendants which would constitute a violation of any of Sockman's civil rights.

B. Any claim which is set forth in the Complaint would be barred by the two-year Statute of Limitations.

C. Any claim Sockman has is barred by the Quasi-estoppel and/or Judicial-estoppel by virtue of his statements to the Court on October 8, 1985, and his resignation from the Erie Police Force on November 8, 1985.

Plaintiff counters these arguments in his brief. In addressing defendants' charge that plaintiff fails to state a claim on which relief can be given, plaintiff argues that his allegations are legally and factually sufficient to state a § 1983 cause of action. Under *Conley v. Gibson*, 355

U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim for relief. We believe that plaintiff has given defendants sufficient notice on which to defend against his § 1983 claim. *See Frazier v. Southeastern Pennsylvania Transportation Authority*, 785 F.2d 65 (3d Cir.1985); *Bartholomew v. Fischl and City of Allentown*, 782 F.2d 1148 (3d Cir.1986); *District 47 AFSCME v. Bradley, et al.*, 795 F.2d 310 (3d Cir. July 9, 1986). However, we also believe that the § 1983 claim fully encompasses the 14th Amendment violation and there is no need to separately allege and prove the pure constitutional claim. We therefore find the § 1983 claim sufficient to withstand defendants' motion to dismiss, but we dismiss plaintiff's pure constitutional claim.

Defendants next assert that plaintiff's claims are barred by the two-year statute of limitations. In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the United States Supreme Court held that state statutes of limitations applicable to personal injuries would be applied to § 1983 claims. A two year statute of limitations period would be applied under Pennsylvania law. 42 Pa.C.S.A. § 5524; *Smith v. City of Pittsburgh*, 764 F.2d 188, 192 (3d Cir.1985). Defendants argue that plaintiff's complaint filed on June 5, 1986 was filed beyond the two year statute which began to run on January 12, 1984 when plaintiff was notified by the City that he was placed on "immediate and indefinite suspension without pay" as a result of his attempted theft on January 10.

Plaintiff's attempts to rebut this argument are two-fold. First plaintiff argues that Wilson should not be applied retroactively to bar his claim. In order to decide the appropriateness of applying the two-year period retroactively, we must use the three-factor test enunciated by the Court in *Chevron Oil Company v. Houson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 396 (1971). *See Fitzgerald v. Larson*, 769 F.2d 160 (3d Cir.1985); *Smith v. City of Pittsburgh*, *supra.* (*Wilson* can be applied retroactively.) The court in *Chevron* examined the following issues:

1. Whether or not the newly announced decision established a new principal of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed;

2. Whether, in examining the purpose and effect of the decision, retroactive operation will further or retard its operation;

3. Whether retroactive application will produce inequitable results.

As to the first factor, the Third Circuit has earlier found that *Wilson* overturned an established precedent of the circuit and also found that the decision had not been forshadowed by prior Supreme Court precedent. *Smith v. City of Pittsburgh*, 764 F.2d at 194. However, to satisfy the first *Chevron* factor, we must also establish that between the accrual time of Sockman's claim and the filing of this suit, there was one clear Pennsylvania statute of limitations for claims such as plaintiff's. *Smith*, 764 F.2d at 195. We accept plaintiff's representation that, at the time his cause of action accrued in 1984, the Third Circuit had adopted a clear choice of a six year limitations period in other § 1983 actions involving adverse employment decisions. See *Knoll v. Springfield Township School District*, 699 F.2d 137, 141–44 (3d Cir.1983); *Perri v. Aytch*, 724 F.2d 362, 368 (3d Cir.1983). However, in April of 1985, over a year before plaintiff filed his complaint, *Wilson* had effectively changed this limitations period to two (2) years. Thus, plaintiff had at least nine months within which to file his complaint in compliance with *Wilson's* new two year period. This fact distinguishes the case at hand from other cases which were filed in accord with the statute of limitations in effect at the time of the filing, but thereafter examined in light of *Wilson's* redefinition of the limitations period. In effect, this plaintiff had

an adequate, albeit shortened, time period to take notice of the limitations period and to file his complaint in a timely fashion. Plaintiff could not have reasonably relied on the 6 year statute at the time he filed his complaint. Plaintiff has not satisfied the first factor of the *Chevron* analysis. We agree with other Third Circuit cases which have found that retroactive operation would further the purpose and effect of the *Wilson* decision when other *Chevron* factors favored such a result. *See Fitzgerald*, 769 F.2d at 164. Neither do we believe that the retroactive application of *Wilson* in this case would produce inequitable results. For these reasons, we would apply the two-year limitations period to plaintiff's § 1983 claim.

Plaintiff's next argument is that the limitations period did not begin to run until June 6, 1984 at which time plaintiff received a letter from the City Solicitor's Office indicating formally that the City was not honoring plaintiff's request for access to grievance proceedings. Plaintiff contends that this refusal by the City deprived plaintiff of procedural due process, and therefore the accrual date should be referred to as June 6, 1984. If we accept plaintiff's argument, the filing on June 5, 1986 would be timely. While this issue obviously involves some factual matters, both parties have supplied evidentiary matter to assist us, and we find that it is not the facts themselves that are in dispute for purposes of this motion, rather it is the legal effect of various factual occurrences. (See Plaintiff's Exhibit 1, Stipulation of Fact.) Where facts are in dispute, we must adopt the version most favorable to plaintiff in deciding this motion. *Conley v. Gibson*, 355 U.S. 411, 78 S.Ct. 377, 2 L.Ed.2d 370 (1957).

Plaintiff indicates that his claim is not directed to his suspension but defendant's refusal to accord him constitutional process after the suspension. (Plaintiff's Brief at p. 19.) Defendant's letter of January 12, 1984 notifying of the suspension, also notifies plaintiff Sockman of his right to file a grievance under the F.O.P. con-

tract. (See Exhibit A to Stipulation of Facts.) Sockman did attempt to pursue this grievance and requested a hearing. On June 6, 1984 by letter, the City notified plaintiff that his requests for a grievance hearing were being refused. (See Exhibit I to Stipulation of Facts.) Since it is this refusal to grant a hearing which plaintiff claims has violated his right to due process, and since this appears to be the first formal notification that the City was refusing such a hearing, we accept plaintiff's argument that his complaint was timely filed and we will not dismiss on that basis.

As to defendant's estoppel arguments, we find that plaintiff has raised disputed factual issues which preclude our granting a motion to dismiss on that basis. For the above-stated reasons, we will deny defendants' motions.

An appropriate order will issue.