Murray **ROTHSTEIN**, Al Gurton, John Glasel, Rudy Guarnaccia, Charles Mc-Carty and Jack Daney, individually and on behalf of and for the benefit of Associated Musicians of Greater New York, Local 802, American Federation of Musicians, Plaintiffs,

v.

Al **MANUTI**, Al Knopf, Max L. Arons and Hy Jaffe, Defendants.

United States District Court
S. D. New York.

April 13, 1964.

Burton H. Hall, New York City, for plaintiffs.

Ashe & Rifkin, New York City, for defendants; David I. Ashe, Eugene Victor, New York City, of counsel.

LEVET, District Judge.

The plaintiffs, members of Local 802, Associated Musicians of Greater New York, seek a preliminary injunction directing the four named defendants to "cause to be held a continuation meeting for the purpose of continuing and completing the business and agenda of the February 1964 bylaw meeting of Local 802, directing also that the said meeting be supervised by a person and in a manner chosen by this Court for the purpose of protecting Local 802 and its members from further deprivation of democratic rights at the continuation meeting, and restraining and enjoining defendants from continuing to commit at meetings of Local 802, during the pendency of this action, the violations indicated in the aforesaid complaint, petition and affidavits, * * *."

This action, brought by the plaintiffs in their own behalf and for the entire membership of Local 802, continues in somewhat altered form a controversy

within Local 802 first introduced into the courts in Rothstein v. Manuti, 235 F. Supp. 39 (S.D.N.Y.1963). The present complaint, framed in two causes of action, alleges violations of Sections 101 (a) (1) and 501 of the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 522, 539, 29 U.S.C. §§ 411, 501 (hereinafter LMRDA), by the conduct of the four defendants at or concerning two meetings of Local 802 held respectively on February 17 and March 16, 1964. The defendants, although sued as individuals, are respectively President, Vice-President, Secretary and Treasurer of Local 802. Jurisdiction is premised on 29 U.S.C. §§ 412, 501(b).

The plaintiffs as members of Local 802 are a faction of the Union at loggerheads with the defendants, the incumbent administration of the Local. The dispute apparently centers about the proper position in the Union of full-time professional musicians, such as the plaintiffs, vis-a-vis the part-time musicians who make up the greater majority of the membership. At the September 9, 1963 By-Law meeting the membership present adopted, under plaintiffs' sponsorship and over the opposition of the Local's Executive Board, three significant By-Law changes. The first abolished a 1½% work tax[1] on the earnings of the membership and substituted therefor an increase in the per capita dues from $24 to $80, effective January 1, 1964. The second change altered the By-Laws to replace the annual September By-Law meeting with three By-Law meetings to be held respectively in February, May and October of each year. The third lowered the quorum requirement for meetings from 500 to 250. A subsequent referendum of the membership ordered by the Executive Board reduced the per capita dues to their former level and reinstated the 1½% work tax. The referendum and its conduct were the subject of an action in this court, Rothstein v. Manuti, 235 F.Supp. 39 (S.D.

N.Y.1963), and in the New York Supreme Court, New York County, under the same caption, 49 CCH Lab.Cas. ¶ 51,024 (1964). This action, brought independently of the former action by different counsel, concerns conduct at the February 17, 1964 By-Law meeting, the first meeting of Local 802 since the September 1963 meeting at which a quorum was present and the monthly membership meeting held March 16, 1964.

The conduct complained of in the complaint is the alleged violations of Robert's Rules of Order which, by Article VII, Section 12 of the Union's By-Laws, are made applicable to the parliamentary procedure of the Local. Specifically, the charges against the defendant Manuti, President of Local 802, center about his actions while chairing the February 1964 By-Law meeting. He is alleged to have violated Robert's Rules of Order, and thereby the By-Laws of Local 802, by (1) refusing to allow appeals to the floor from decisions of the chair; (2) refusing to grant division of the assembly when called for; (3) deliberately and fraudulently miscounting voice and hand votes; (4) refusing to count or have taken a count of voice and hand votes; (5) refusing to recognize members rising on privileged questions; (6) insulting and intimidating members; (7) (a) adjourning the meeting illegally without entertaining a motion to adjourn and submitting such motion to a vote; and (b) without setting a date for a continuation of the meeting.

Parallel charges are made against the defendants Knopf and Jaffe who conducted the March monthly membership meeting. (Par. 16, complaint) Both the defendant Manuti (Par. 15) and the defendant Arons (Par. 17) are alleged to have violated the By-Laws by refusing, when requested, to call a continuation of both the February and March meetings. All of the challenged actions are alleged to be part of a common scheme or conspiracy among the defendants to defeat

---

1. The history of the litigation involving this tax is set forth in Schwartz v. Associated Musicians, D.C., 223 F.Supp. 27, October 29, 1963.

**50**

and frustrate the amendments enacted at the September 1963 By-Law meeting.

 As might be expected in such an intra-union struggle, the affidavits submitted on this motion contain charges and countercharges by and against the warring factions. The affidavits are in sharp conflict concerning what actually occurred at both meetings. It is impossible to determine whether the chaos, which all agree eventually reigned at both meetings, was caused by the plaintiffs, as the defendants allege, or by the defendants, as the plaintiffs allege. Customarily, where many factual elements are in dispute on an application for a preliminary injunction, a hearing is necessary to resolve the disputed issues. "If witnesses are not heard the trial court will be left in the position of preferring one piece of paper to another." Sims v. Greene, 161 F.2d 87, 88 (3d Cir. 1947).

There are, however, two important facts not controverted in the affidavits which are dispositive of the present application. The first is that no By-Law amendments were enacted at the February meeting nor was any business transacted at the March meeting. The second is that the agenda for the May 1964 By-Law meeting contains all of the business originally before the February meeting.

 However variously the chancellor's task is defined, his action can properly be invoked only where there is the concatenation of irreparable harm and at least a probability of success at the plenary hearing. Putting to one side the otherwise determinative question of the probability of plaintiffs' success at trial, it is clear that there is to the plaintiffs no immediate threat of enforcement of any invalidly enacted By-Law or other union regulation. No irreparable harm is threatened if no continuation meeting is commenced since all the items on the agenda of the February meeting are again to be considered at the May meeting and another monthly meeting is to be held shortly. Furthermore, the impracticability of this court by its duly authorized "supervisor" sitting as Grand Parlimentarian of the Local's meetings is readily apparent as is the impracticability of enjoining any future violations by the defendants of either the Local's By-Laws or Robert's Rules of Order.

Plaintiffs' motion for a preliminary injunction is denied.

Settle order on notice.