**SINCLAIR OIL CORPORATION,**
Plaintiff,

v.

**C. R. SMITH, Secretary of Commerce, as Chairman and Executive Officer, of the Foreign Trade Zones Board, Henry H. Fowler, Secretary of the Treasury, and Stanley R. Resor, Secretary of the Army, as members of the Foreign Trade Zones Board and otherwise, Richard E. Hull, as Acting Executive Secretary, Foreign Trade Zones Board, and Stewart L. Udall, as Secretary of the Interior and otherwise, Defendants.**

No. 68 Civ. 4300.

United States District Court
S. D. New York.

Dec. 16, 1968.

Cleary, Gottlieb, Steen & Hamilton, New York City, for plaintiff, Fowler Hamilton, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, for defendants, Lawrence W. Schilling and Grant B. Herring, Asst. U. S. Attys., Southern Dist. of New York, New York City, of counsel.

Louis Nizer, New York City, Sp. Counsel for Maine Port Authority, Neil Pollio and David G. Miller, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiff Sinclair Oil Corporation commenced this action for a permanent injunction and declaratory judgment on October 30, 1968. It now seeks a preliminary injunction pursuant to Rule 65, Fed.R.Civ.P.

The complaint challenges action by administrative agencies as outside, or in excess, of their jurisdiction. It is directed against Stewart L. Udall, as Secretary of the Interior (the Secretary), and against the members of the Foreign

Trade Zones Board (the Board).[1] Plaintiff seeks to enjoin the Secretary and the Board from any further action on two pending applications.[2]

The first application[3] was filed on June 10, 1968 for Occidental Petroleum Corporation with the Secretary seeking a license to import 300,000 barrels per day of foreign crude oil into a refinery to be constructed in a duty-free Foreign Trade Sub-Zone at Machiasport, Maine, and to import 100,000 barrels per day of refined products from the Sub-Zone into the customs territory of the United States. No hearings have been noticed or held on this application.

The second application was filed in August 1968 by the Maine Port Authority with the Board seeking establishment of a primary Foreign Trade Zone at Portland and a Sub-Zone at Machiasport, Maine. Hearings were held on October 10 and 11, 1968.

Both applications are still pending. No ruling, final or otherwise, has been rendered. Plaintiff, nevertheless, seeks to enjoin both the Secretary and the Board from further proceedings claiming that their actions are in excess of their constitutional and statutory authority.

Plaintiff does not seek to review an administrative determination but rather prays for an original writ of injunction compelling the Board and the Secretary to discontinue proceedings before either has made any determination, interlocutory or final. Plaintiff argues that recent Supreme Court decisions, known as "the Food and Drug trilogy,"[4] and older authorities[5] teach that we may intervene in agency proceedings prior to any determination. In the Food and Drug cases, the Court held that federal courts have jurisdiction to hear challenges to administrative regulations promulgated under rule making power prior to enforcement. The court, however, was careful to note that the regulations, there challenged prior to enforcement, constituted "final agency action" under Section 10(c) of the Administrative Procedure Act, 5 U.S.C. § 1009(c).[6] Similarly, in three of the four older authorities advanced by plaintiff, the Supreme Court was dealing not with potential determinations but with challenges to definitive statutes, orders or regulations, albeit prior to enforcement.[7]

Here, since no orders or regulations, final or intermediate, have been made,

---

1. Established pursuant to the Foreign Trade Zones Act, 19 U.S.C. § 81a et seq., the Board consists of Richard E. Hull, Acting Executive Secretary, C. R. Smith, Secretary of Commerce, Henry H. Fowler, Secretary of the Treasury, and Stanley R. Resor, Secretary of the Army.

2. Plaintiff also applies under Rules 26 (a) and 30(a), Fed.R.Civ.P., for leave to serve immediately notices to take the depositions of the defendants and other appropriate nonparty witnesses within five days after service of a written notice on the deponents and every other party to the action or their attorneys.

3. The recital of facts is based on the moving affidavits. To obviate any question of standing, we have not considered the affidavit of Louis Nizer, Esq., attorney for the nonparties Occidental Petroleum Corporation and the Maine Port Authority.

4. Toilet Goods Ass'n v. Gardner (Gardner v. Toilet Goods Ass'n) 387 U.S. 167, 87 S.Ct. 1530, 18 L.Ed.2d 704 (1967);

Toilet Goods Ass'n v. Gardner, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967); Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L. Ed.2d 681 (1967).

5. Allen v. Grand Central Aircraft Co., 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933 (1954); Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942); Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772 (1919).

6. Abbott Laboratories v. Gardner, supra, 387 U.S. at 149, 87 S.Ct. 1507; Toilet Goods Ass'n v. Gardner, supra, 387 U.S. at 162, 87 S.Ct. 1520.

7. Columbia Broadcasting System v. United States, supra, 316 U.S. at 420, 424–425, 62 S.Ct. 1194; Pierce v. Society of Sisters, supra, 268 U.S. at 536, 45 S.Ct. 571; Skinner & Eddy Corp. v. United States, supra.

we would be acting on nothing but an abstract, speculative guess as to what the Board and the Secretary might do were we to intervene. We have no idea, at this juncture, what or when the agencies will decide, or what will be the reasons or bases for their decisions. The case, therefore, is not ripe for judicial action [8] unless the challenged actions are totally unauthorized.

■ Although the principle is not too clearly articulated by the Supreme Court, it seems that an administrative proceeding may be enjoined prior to any action when plaintiff contends and satisfies the court that the action in question is totally unauthorized.[9] Plaintiff claims that both the Secretary and the Board are totally without jurisdiction and are acting in excess of their constitutional and statutory authority.

■■ As to the Secretary, plaintiff claims lack of authority to grant an oil import license because he is acting contrary to the authorizing Presidential proclamation.[10] The proclamation requires that oil import quotas can only be granted to importers who have refinery capacity in Districts I–IV and who were importers in the year 1957. According to plaintiff, Occidental meets neither of the criteria. These complaints are not challenges to authority or jurisdiction but simply questions about construction and application of the proclamation. The Secretary clearly has

the power to grant oil import licenses.[11] Occidental is here applying for such a license. Consequently, the Secretary has the authority to consider Occidental's application. Whether Occidental meets the requirements of the proclamation and is, therefore, to be granted a license is a matter of application and interpretation. Plaintiff would have us assume that the Secretary will interpret or apply the law incorrectly. We are required, however, to operate on the opposite presumption that the Secretary will interpret and apply the proclamation correctly.[12]

■ Plaintiff also claims that it is deprived of property without due process because the Secretary never holds hearings on applications for oil import licenses. This claim is, at best, premature for until and unless the Secretary makes a decision, there is no way of knowing whether he will grant this application without a hearing. Additionally, it is far from clear that failure to grant a trial-type hearing is necessarily a denial of due process.[13]

■ As to the Board, plaintiff claims that it lacks jurisdiction to permit a Foreign Trade Zone because creation of the Zone is an integral part of a plan to obtain an oil import license which the Secretary lacks power to grant. Thus, the underlying jurisdictional challenge leveled at the Board is the alleged lack of power of the Secretary

8. Mr. Justice Harlan's definition of the ripeness doctrine clearly fits this case: "Without undertaking to survey the intricacies of the ripeness doctrine it is fair to say that its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories v. Gardner, supra, 387 U.S. at 148–149, 87 S.Ct. at 1515.

9. Allen v. Grand Central Aircraft Co., supra; 3 Davis, Administrative Law § 20.02, p. 66 (1958).

10. Presidential Proclamation No. 3279, Mar. 10, 1959, pursuant to Section 2 of the Act of July 1, 1954, as amended (presently 19 U.S.C. § 1862).

11. Ibid.

12. Pancoastal Petroleum, Ltd. v. Udall, 121 U.S.App.D.C. 193, 348 F.2d 805 (1965); National Lawyers Guild v. Brownell, 96 U.S.App.D.C. 252, 225 F.2d 552, 555 (1955), cert. denied, 351 U.S. 927, 76 S.Ct. 778, 100 L.Ed. 1457 (1956).

13. Federal Communications Comm'n v. WJR, The Goodwill Station, Inc., 337 U.S. 265, 274–277, 69 S.Ct. 1097, 93 L. Ed. 1353 (1949); 1 Davis, Administrative Law § 7.03, p. 417 (1958).

to grant oil import licenses. Since we have concluded that he does have the power, plaintiff's challenge to the jurisdiction and authority of both the Secretary and the Board must fail.

 Plaintiff also asserts that the hearing afforded by the Board violated due process because of insufficient notice, failure to administer oaths to witnesses, denial of the right to cross-examine, and denial of an offer of proof on the oil import question. Plaintiff was given twenty days' notice of the hearing, and this is not on its face insufficient. Failure to administer oaths to witnesses and denial of an offer of proof are not necessarily denials of due process in the context of an administrative hearing.[14] Although it is not always required, plaintiff was afforded the right to cross-examine. That right was merely limited.[15] Plaintiff's other claims directed against the Board do not raise constitutional issues.

 Thus, plaintiff does not present a case of unauthorized agency action either by the Secretary or the Board, and we, therefore, cannot intervene at this stage. Moreover, even if we applied the standards for judicial intervention after an intermediate order by an administrative agency, plaintiff would still fail. Courts traditionally have been reluctant to interfere in administrative proceedings at an intermediate stage.[16] This familiar principle is embodied in Section 10(c) of the Administrative Procedure Act, 5 U.S.C. § 1009(c), which provides that any "preliminary, procedural, or intermediate agency action" not otherwise

reviewable may be scrutinized by the courts only upon "the review of the final agency action." Nonetheless, a court of equity will intervene at an intermediate stage where there is a patent violation of constitutional or statutory authority by the agency, as well as lack of an alternative avenue of relief to the injured party.[17]

We have already concluded that there is no patent violation of constitutional or statutory authority involved here, but then if we found to the contrary, we still should not intervene at an intermediate stage unless plaintiff has no alternative avenue of relief.[18] Plaintiff has the right to appeal from any final order of either agency and to obtain a stay pending appeal.[19] Thus, plaintiff does have an avenue of relief open to it when, as and if its legal rights are violated.

Accordingly, we must conclude that the mere pendency of these proceedings is not a clear violation of constitutional or statutory authority such as to justify judicial intervention at an intermediate stage.

 A preliminary injunction will not be granted unless plaintiff demonstrates a substantial likelihood of success on the merits and immediate and irreparable injury.[20]

 Plaintiff's action for a permanent injunction and declaratory judgment is without merit at this time. As we have seen, plaintiff fails to show that the challenged actions of the Board and the Secretary are in excess of the authority granted by the constitution, the Foreign Trade Zones Act, or the Presi-

14. 1 Davis, Administrative Law § 8.02, pp. 519–520 (1958).

15. 1 Davis, Administrative Law § 7.01, p. 410 (1958).

16. Sperry & Hutchison Co. v. Federal Trade Comm'n, 256 F.Supp. 136 (S.D.N.Y.1966).

17. Consolidated Edison Co. of New York v. McLeod, 302 F.2d 354 (2d Cir. 1962); Sperry & Hutchison Co. v. Federal Trade Comm'n, supra, 256 F.Supp. at 140 and cases there cited.

18. Sperry & Hutchison Co. v. Federal Trade Comm'n, supra, at 140.

19. Sections 10(c) and 10(d) of the Administrative Procedure Act, 5 U.S.C. §§ 1009(c) and 1009(d).

20. Unicon Management Corp. v. Koppers Co., 366 F.2d 199, 204 (2d Cir. 1966); H. E. Fletcher Co. v. Rock of Ages Corp., 326 F.2d 13, 17 (2d Cir. 1963).

dential proclamation, and neither the Board nor the Secretary has made any definitive determination. At this stage, it is just as likely that either the Board or the Secretary, or both, may agree with the plaintiff.[21] Plaintiff is thus unable either to allege or prove facts showing an actual violation of any right at this time. Plaintiff, therefore, fails to demonstrate a substantial likelihood of success on the merits. We turn to the second requirement for a preliminary injunction.

Plaintiff claims immediate and irreparable injury in the mere pendency of the applications because certain customers are considering purchasing oil products from the potential subsidized source of supply. Plaintiff will, however, only be injured when, as and if the subsidized and competing source of supply is created. If either the Board or the Secretary denies the applications, plaintiff will suffer no injury whatever. If the applications are granted, plaintiff can appeal any final agency action and obtain a stay pending review. Thus, what plaintiff classifies as an immediate and irreparable injury is, in actuality, a highly contingent threat of injury that is neither immediate nor irreparable. Plaintiff's motion for a preliminary injunction is, therefore, denied.

Plaintiff bases our jurisdiction on the presence of a federal question.[22] Since we find that the case is premature, no rights of the plaintiff, constitutional or statutory, have as yet been affected, and no case or controversy is presented. We must conclude that any decision would be merely advisory.[23] We, therefore, not only deny plaintiff's motion for a preliminary injunction but dismiss the entire action for want of jurisdiction.

The foregoing opinion constitutes the court's findings of fact and conclusions of law, pursuant to Rule 52(a), Fed.R. Civ.P.

Accordingly, the instant motion is in all respects denied, and there being no just reason for delay, the Clerk of the court is directed to enter judgment dismissing the action.

It is so ordered. No further order is necessary.

---

21. Sperry & Hutchison Co. v. Federal Trade Comm'n, supra, 256 F.Supp. at 144 n. 9; Indiana & Michigan Elec. Co. v. Federal Power Comm'n, 224 F.Supp. 166, 170 (N.D.Ind.1963).

22. 28 U.S.C. §§ 1331, 1337, 1340, 2201, 2202; 5 U.S.C. §§ 701, 702.

23. Federal Radio Comm'n v. General Elec. Co., 281 U.S. 464, 469, 50 S.Ct. 389, 74 L.Ed. 969 (1930); Dr. Beck & Co. G.M. B.H. v. General Elec. Co., 317 F.2d 538 (2d Cir. 1963).